**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**UNITED STATES OF AMERICA**
**ex rel. FRANK F. KROMENAKER,**

   **Plaintiff-Relator,**

**v.**

**KIMBERLY-CLARK CORP. and**
**HALYARD HEALTH, INC.,**

   **Defendants.**

**CIVIL ACTION FILE**
**No. 1:15-cv-04413-SCJ**

## <u>ORDER</u>

This matter comes before the Court for consideration of the Motion to Dismiss filed by Defendants Kimberly-Clark Corp. ("Kimberly-Clark") and Halyard Health, Inc. ("Halyard") (collectively, the "Defendants") on July 16, 2018. Doc. No. [74]. Defendants seek the dismissal of Relator Frank F. Kromenaker's ("Relator" or "Kromenaker") Second Amended *Qui Tam* Complaint pursuant to Federal Rules of Civil Procedure 8, 9(b), 12(b)(1), and 12(b)(6). For the reasons discussed below, Defendants' Motion to Dismiss is **GRANTED**.

## I.   BACKGROUND[1]

This civil case arises under the False Claims Act ("FCA"), 31 U.S.C. § 3729. Kimberly-Clark manufactures drugs, preventative medical clothing, sterile wrap, medical supplies, medical devices, and a variety of other Food and Drug Administration ("FDA") regulated devices to consumers worldwide. Doc. No. [53], ¶11. In 2014, Kimberly-Clark spun off its health care business to a new company called Halyard. Id. at ¶12. Relator worked for Kimberly-Clark from January 30, 1989, to November 2, 2011, at various Kimberly-Clark facilities in Neenah, Wisconsin. Id. at ¶14.

In his Second Amended *Qui Tam* Complaint[2], Relator alleges that Defendants made and/or caused to be made to the United States false claims for payment for medical devices covered by the Department of Veterans Affairs, Medicare, the public health service, and other federal purchasers of medical

---

[1]   The factual background is drawn from the Second Amended *Qui Tam* Complaint (Doc. No. [53]), accepting all the well-pleaded facts as true and viewing them in the light most favorable to Relator, as this Court must do. Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007).

[2]   Relator first filed his *Qui Tam* Complaint on December 21, 2015. Doc. No. [1]. Relator then filed his Amended *Qui Tam* Complaint on May 11, 2016. Doc. No. [7]. On July 21, 2017, the Court granted Relator's unopposed Motion to Amend Complaint. Doc. No. [51]. Relator subsequently filed his Second Amended *Qui Tam* Complaint on August 22, 2017. Doc. No. [53].

devices. Id. at ¶7. According to Relator, the claims were false and fraudulent because the medical devices, which were manufactured at Defendants' plants in various locations and released into the domestic and commercial market by Kimberly-Clark, were defective, not manufactured in accordance with FDA approved processes, and/or did not come with the assurance of identity, strength, quality, and purity required for distribution to patients. Id. Further, according to Relator, approval of the devices were obtained through false representations in regulatory submissions to the FDA. Id.

Defendants filed their Joint Motion to Dismiss Relator's Second Amended *Qui Tam* Complaint on July 16, 2018.[3] Doc. No. [74]. Below, as it is ripe for adjudication, the Court addresses Defendants' Motion to Dismiss.

## II.   DISCUSSION

Defendants have moved to dismiss Relator's Second Amended *Qui Tam* Complaint on several grounds. First, Defendants argue that Relator's claims under the FCA are barred by the Act's first-to-file rule under 31 U.S.C.

---

[3]   Defendants originally filed separate briefs in support of their motions to dismiss, in which they adopted and incorporated the arguments of the other Defendant. See Doc. Nos. [55]; [56]. As such a practice violates the page limits outlined in Local Rule 7.1, the Court ordered Defendants to refile their briefs on July 9, 2018. Doc. No. [70]. Defendant subsequently filed their Joint Motion to Dismiss Relator's Second Amended *Qui Tam* Complaint on July 16, 2018. Doc. No. [74].

§ 3730(b)(5) and the public disclosure exclusion under 31 U.S.C. § 3730(e)(4).

Doc. No. [74-1], p. 15. Second, Defendants argue that Relator has failed to plead

his claims with particularity under Federal Rule of Civil Procedure 9(b). <u>Id.</u> at

p. 27. The Court will now address each argument in turn.

     **A.**    <u>**First-To-File Rule and Public Disclosure Bar**</u>

          **1.**    *First-to-File Rule*

Defendants first argue that the first-to-file rule set forth in the FCA bars

Relator's surgical gown claims under the FCA because two prior *qui tam* suits

making similar allegations were pending when Relator filed this lawsuit. <u>Id.</u> at

p. 15. The first-to-file rule states: "When a person brings an action under this

subsection, no person other than the Government may intervene or bring a

related action based on the facts underlying the pending action." 31 U.S.C. §

3730(b)(5). In other words, "once one suit has been filed by a relator or by the

government, all other suits against the same defendant based on the same kind

of conduct would be barred." <u>Cooper v. Blue Cross and Blue Shield of Florida,

Inc.</u>, 19 F.3d 562, 567 (11th Cir. 1994).

In support of its argument, Defendants have submitted as an attachment

to its Motion to Dismiss copies of the two prior *qui tam* actions. <u>See</u> Doc. Nos.

[56-3]; [74-3]; [74-4].[4] The first *qui tam* suit, <u>United States ex rel. Shahinian v. Kimberly-Clark Corp.</u>, was filed in October 2014 in the Central District of California. Doc. No. [56-3]. In <u>Shahinian</u>, the relator alleged that Kimberly-Clark violated the FCA by "marketing and selling surgical gowns represented to provide the highest level of protection from the transfer of bodily fluids, bacteria, and infection between a patient and health care professional when in reality, Kimberly-Clark has shown since at least as early as 2013 that these gowns failed industry standard tests and do not met relevant standards." <u>Id.</u> at p. 4. The second *qui tam* suit, <u>United States ex rel. Edgett v. Kimberly-Clark Corp., et al.</u>, was filed in February 2015 in the Northern District of Texas. Doc. No. [74-4]. In <u>Edgett</u>, the relator alleged that Kimberly-Clark and Halyard "knowingly marketed and sold surgical gowns as being impervious, impermeable, and resistant to fluids and microorganisms when they knew such representation was false." <u>Id.</u> Defendants argue that the allegations in these two prior *qui tam* suits put the government on notice of the potential fraud claims

---

[4]    The Court notes that Defendants' Exhibit No. 2 (Doc. No. [74-3]) is in an unreadable format. Therefore, the Court will instead cite to Doc. No. [56-3], as it is the same document as Doc. No. [74-3].

Relator alleges in this action, thus barring Relator's surgical gown claims under the first-to-file rule. Doc. No. [74-1], p. 17.

In response, Relator contends that the first-to-file rule does not bar this case because his claims do not raise the same claims as the two prior suits. Doc. No. [79], p. 12. According to Relator, the core fact in the Shahinian and Edgett actions is the "actual quality" of the surgical gowns and Defendants' misrepresentations regarding the ability of their surgical gowns to withstand a certain level of blood. Id. at p. 13. In contrast, Relator argues that in this case, "the fraudulent scheme by [Kimberly-Clark] and Halyard involves in large part the origin of the gowns and not the quality, or lack thereof, whereas the prior actions all involve promissory fraud against the purchaser or end-user of the gowns." Id.

The Court is unpersuaded by Relator's argument and finds that Relator's surgical gown claims are barred by the FCA's first-to-file rule. As Defendants correctly point out, the allegations in the two prior *qui tam* suits put the government on notice of the potential fraud claim Relator alleges in this case stemming from deficient testing of and inadequate infection protection by the surgical gowns. See Grynberg v. Koch Gateway Pipeline Co., 390 F.3d 1276, 1279 (10th Cir. 2004) ("Once the government is put on notice of its potential

6

fraud claim, the purpose behind allowing qui tam litigation is satisfied."). Because the first-to-file rule precludes Relator's surgical gown claims, the Court therefore must dismiss the surgical gown allegations in Relator's Second Amended *Qui Tam* Complaint.

### 2.    *Public Disclosure Bar*

Defendants also argue that Relator's claims regarding surgical gowns, endotracheal tubes, and feminine products should be dismissed under the FCA's public disclosure bar. Doc. No. [74-1], p. 18. The public disclosure bar precludes a *qui tam* claim "if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed" by the government, the media, or other channels, unless, among other things, "the person brining the action is an original source of the information." 31 U.S.C. § 3730(e)(4). Defendants allege that Relator's allegations relating to the surgical gowns, endotracheal tubes, and feminine products were publicly disclosed before he filed this action and that Relator was not the original source of the information alleged. Doc. No. [74-1], p. 19.

First, Defendants argue that Relator's surgical gown allegations were publicly disclosed. Id. According to Defendants, when Relator filed his initial complaint on December 21, 2015, it was devoid of any allegations regarding

surgical gowns. Id. Yet after *60 Minutes* ran a story regarding Kimberly-Clark's surgical gowns on May 1, 2016, Relator amended his complaint on May 11, 2016, to add allegations similar to those in the *60 Minutes* story.[5] Id. In response, Relator argues that his claims are not substantially the same as any of the allegations that were disclosed in the *60 Minutes* story. Doc. No. [79], p. 18. Relator contends that, while the *60 Minutes* story does reference fraud concerning the promissory fraud and misrepresentations about the quality of the surgical gowns, the news interview does not reference the fraud in the instant case, i.e., "fraud involving the origin of the surgical gowns or fraud arising from false certifications." Id. at p. 17. Yet, as Defendants correctly point out, Relator's Second Amended *Qui Tam* Complaint also concerns the surgical gowns' manufacturing process. Doc. No. [81], p. 10. Thus, the public disclosure bar applies so long as "the government is put on notice to the potential presence of fraud, *even if the fraud is slightly different than the one alleged in the complaint.*" Dingle v. Bioport Corp., 388 F.3d 209, 214–15 (6th Cir. 2004) (emphasis added). The public disclosure bar therefore forecloses Relator's surgical gown claims.

---

[5]     For purposes of a Rule 12(b)(1) review of facial attack on jurisdiction, the Court may consider extrinsic documents and information. U.S. ex rel. Osheroff v. Humana, Inc., 776 F.3d 805, 811 (11th Cir. 2015).

Second, Defendants argue that Relator's endotracheal tube allegations were publicly disclosed. Doc. No. [74-1], p. 23. Specifically, Defendants contend that the numerous recalls of Kimberly-Clark's endotracheal tubes, as referenced in Relator's original complaint, were widely reported before Relator filed his complaint. Id. Thus, according to Defendants, the investigation that led to the recall of the allegedly defective endotracheal tubes was sufficient to put the government on notice to the potential presence of fraud regarding the sale of allegedly defective endotracheal tubes. Id. Similarly, Defendants also argue that Relator's feminine products allegations were publicly disclosed, as tampons manufactured by Kimberly-Clark were the subject of a public recall dated January 11, 2012, after testing revealed bacterial contamination. Doc. No. [74-1], p. 24.

In response, Relator cites to U.S. ex rel. Whitten v. Community Health Sys., Inc., 575 F. Supp. 2d 1367, 1381 (S.D. Ga. 2008), in which the court held that "a media report does not constitute a 'public disclosure' of allegations of fraud by an entity unless it reports on allegations that the company engaged in fraud." Whitten, 575 F. Supp. 2d at 1382 (citation omitted). Thus, Relator argues that "[b]ecause the articles surrounding the recalls of certain endotracheal tubes a tampons do not report any allegations of fraud, be considered a public

9

disclosure of any of Relator's allegations." Doc. No. [79], p. 19. Yet the public disclosure bar "does not require each source to contain an allegation of wrongdoing." Osheroff, 776 F.3d at 814. Rather, 31 U.S.C. § 3730(e)(4) itself "requires only disclosures of allegations of transactions, suggesting that allegations of wrongdoing are not required." Id. (citation omitted). Thus, because Relator's allegations are substantially the same as those reported in the news media, the public disclosure bar therefore forecloses Relator's endotracheal tube allegations and feminine products allegations.

Finally, Defendants argue that Relator does not qualify as an original source, meaning that he has no "knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions" and has not "voluntarily provided the information to the Government before filing an action." 31 U.S.C. § 3730(e)(4)(B). In response, Relator argues that he was the original source of his allegations because he has "personal knowledge of Defendants' failure to: properly validate, calibrate, document, and/or maintain their testing equipment; (ii) register manufacturing facilities; and (iii) follow FDA premarket notification rules regarding changes or modifications to medical devices." Doc. No. [79], p. 20. Yet in no way does Relator allege that his personal knowledge "materially added to the publicly disclosed allegations

10

or transactions", as required under 31 U.S.C. § 3730(e)(4)(B). Relator is not offering new, independent information of which the government is not aware. See U.S. ex rel. Winkelman v. CVS Caremark Corp., 827 F.3d 201, 213 (1st Cir. 2016) ("[A] relator who merely adds detail or color to previously disclosed elements of an alleged scheme is not materially adding to the public disclosures."). Accordingly, Relator's claims are due to be dismissed.

**B.     Failure to Adequately Plead FCA Claim**

Because the Court finds that Defendants' Motion to Dismiss should be granted based on 31 U.S.C. § 3730(b)(5) and 31 U.S.C. § 3730(e)(4) alone, depriving this Court of subject matter jurisdiction under the FCA, the Court declines to review Relator's remaining arguments.

III.    **CONCLUSION**

For the reasons discussed above, Defendants' Motion to Dismiss is **GRANTED**. Doc. No. [74]. This case is **DISMISSED WITH PREJUDICE**. As there are no further issues outstanding, the Clerk is **DIRECTED** to **CLOSE THIS ACTION**.

**IT IS SO ORDERED** this 27th day of March, 2019.

s/Steve C. Jones_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**